IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ALEXANDER HERNANDEZ,<br>Plaintiff,<br><br>vs.<br><br>AARON CAWTHON<br>AND CHUCK HOOKER,<br>AS CHIEF OF PFLUGERVILLE<br>POLICE DEPARTMENT AND<br>CITY OF PFLUGERVILLE, TEXAS,<br><br>Defendants. | §<br>§<br>§<br>§ CIVIL ACTION NO. A12CV0333 SS<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S, ORIGINAL COMPLAINT
## AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Alexander Hernandez hereinafter called Plaintiff, complaining of and about Aaron Cawthon, Individually and Chuck Hooker, as Chief of Pflugerville Police Department and Representative of City of Pflugerville, Texas, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Alexander Hernandez is a citizen of the United States and the State of Texas and resides in Travis County, Texas.

2. Defendant Aaron Cawthon, Individually, may be served by serving Pflugerville Police Department at 1611 E. Pfennig Lane, Pflugerville, Texas.

3. Defendant Chuck Hooker is being sued in his official capacity as the Chief of Pflugerville Police Department and representative of City of Pflugerville, Texas, a municipality and may be served at the Pflugerville Police Dept.1611 E. Pfennig Lane, Pflugerville, Texas.

### JURISDICTION

4. The action arises under 28 U.S.C. Sections 1331 and 1343 and statutory provisions as hereinafter more fully appears as hereinafter more fully appears.

6. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

7. This is an action under Title 42 U.S.C. Section 1983 as amended by the Civil Rights Act of 1991 and the Fourth and Fourteenth Amendments to correct unlawful and unconstitutional practices and policies.

## FACTS

8. On May 7, 2010, Plaintiff was operating a motor vehicle in the City of Pflugerville, Travis County, Texas. Plaintiff is now eighteen years of age but was 16 at the time of this shooting incident. As Plaintiff was driving he noticed a Pflugerville police car following him. After a few minutes, the police car turned on his overhead patrol lights. Plaintiff continued driving and within a short time, the patrol car activated his audible siren. Plaintiff continued to drive and the officer, joined by a Pflugerville motorcycle police officer, continued to pursue. Within a few minutes, Plaintiff turned left onto a street and noticed a motor vehicle parked diagonally across the street on which he was traveling in an easterly direction. The vehicle was parked in a way which provided sufficient space for and required eastbound traffic to turn south bond, right, onto Swenson Farms Road. Plaintiff approached the diagonally stopped vehicle and began to turn right, onto Swenson Road. Plaintiff did not drive towards or close to the parked vehicle nor give the impression that his vehicle was going in any direction other than onto Swenson Road. After Plaintiff fully initiated his right turn onto Swenson Road, he noticed a person standing to his left and next to the stopped vehicle pointed a gun in his direction. Prior to seeing this individual, Plaintiff has not driven in the direction of that individual or taken any action to indicate his intention to cause contact or injury to the parked vehicle or its occupants. As Plaintiff was completing his turn and had entered onto Swenson Road, Defendant Aaron Cawthon, the individual standing holding a gun, shot his gun into the driver's door side window at Plaintiff for the sole purpose of causing serious injury and/or death to Plaintiff. Cawthon shot two or more bullets which penetrated into the driver's door side window

near the portion of the door's side window closest to the metal support between the driver's door side window and the rear passenger door side window. The bullets fired by Cawthon struck Plaintiff in the middle of the outer left side of his left shoulder, a few inches from the top. Plaintiff was also shot on the left side of his head at and near his left ear and left temporal area. All Cawthon's gunshots were fired after Plaintiff had turned his motor vehicle away from Defendant's location and the street where the police car was stopped and at a time when Plaintiff was accelerating in a southbound direction away from Defendant Cawthon.

9.      Defendant Cawthon was not in the path or close proximity to the vehicle driven by Plaintiff at the time he shot into the motor vehicle being driven by Plaintiff. Defendant Cawthon observed Plaintiff turning away from his location and had actual knowledge that Plaintiff was not close to his person, was not in an area where Plaintiff could cause him injury and Plaintiff was driving away and placing additional distance between the two motor vehicles. Defendant Cawthon waited until he saw the left outer portion of Plaintiff's body and was directly across from the driver's side window before shooting at Plaintiff. Defendant Cawthon has actual knowledge that Plaintiff was attempting to avoid any contact with him when he fired his gun. Plaintiff suffered serious bodily injuries based upon the above described actions of Defendant Cawthon ands was hospitalized.

10.     No charges were filed against Plaintiff relating to this incident until July 12, 2011, fourteen (14) months later and after Defendants received notice of Plaintiff's claims against the City of Pflugerville and Defendant Cawthon. Plaintiff now has traffic violations pending in Pflugerville Municipal Court alleging Driving Without Inspection Sticker, No Driver's license, Failings to Stop at Stop Signs and Failings to Signal Turns, all class C offenses.

## EXCESSIVE FORCE

11.     Defendant Cawthon's actions, as described herein were intentional and done with conscious indifference to the rights, safety and suffering of Plaintiff. All Defendant's actions were unnecessary, unreasonable and excessively violent and exceeded the actions of a reasonable officer. Defendant's actions were not in self defense or in fear for his safety but solely to cause death and

serious bodily and the deprivation of Plaintiff's rights assured by the **Fourth and Fourteenth Amendments to the U.S. Constitution** and federal laws. Defendants violated Plaintiff's rights under **42 U.S.C. Section 1983.**

## ASSAULT AND BATTERY

12.     Defendant Aaron Cawthon intentionally, knowingly or recklessly made contact with Plaintiff's person by shooting him and caused serious bodily injury. Defendant intentionally, recklessly and consciously attempted to cause the death of Plaintiff. Defendant's actions of shooting Plaintiff caused emotional injuries which all required medical services. Plaintiff suffered damages for which Plaintiff herein sues.

## NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION BY CHIEF OF POLICE AND CITY

13.     Plaintiff alleges that the conduct of Chief of Police and City of Pflugerville, Texas constituted negligent hiring, supervision, training and retention. Plaintiff alleges that Chief of Police and City of Pflugerville, Texas did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether Defendant Cawthon was unfit, incompetent, or a danger to third parties. Chief of Police and City of Pflugerville, Texas knew or should have known that Defendant Cawthon was unfit and could foresee that Defendant would come in contact with citizens and react in a way to create a risk of danger to Plaintiff and others. Chief of Police and City of Pflugerville, Texas's failure to exercise reasonable care in the hiring, supervision, training and retention of Defendant Cawthon was the proximate cause of damages to Plaintiff for which Plaintiff hereby sues.

## ILLEGAL POLICIES, PRACTICES AND PROCEDURES

14.     Practices described above, including shooting at escaping motor vehicles and shooting at individuals charged with misdemeanor traffic offenses is the established policy, practice and procedure which has been approved by the Chief of Police. Additionally the procedures used in this case have been allowed to continue with the knowledge and approval of the policy makers of the City of Pflugerville, Texas. The use of deadly force in the situation described herein is a

practice which Defendant Cawthon knew was within the accepted procedures and training provided to him by the Pflugerville Police Department. Defendant City of Pflugerville refuses to discipline retrain or modify the practices used in this incident and have openly allowed the continuation of such illegal procedures so as to make them policy and procedures.

## DAMAGES

15. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described herein above:

    a. Being shot in the left shoulder and the left side of his head and emotional trauma which caused extreme physical and emotional pain and in injury.;

    b. All reasonable and necessary Attorney's fees and cost for trial and appeals incurred by or on behalf of Plaintiff;

    c. Loss Income in the future and past.

    d. All reasonable and necessary costs incurred in pursuit of this suit;

    e. Emotional pain;

    f. Expert fees as the Court deems appropriate;

    g. Prejudgment interest;

    h. Mental anguish in the past and future;

    i. Reasonable medical care and expenses in the past and future,

    j. Physical injury;

## EXEMPLARY DAMAGES

16. Plaintiff would further show that the acts and omissions of Defendant Cawthon were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant Cawthon for exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Alexander Hernandez respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to Cawthon, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

BOBBY R TAYLOR

By: _____
Bobby R. Taylor
1709 E. Martin L. King Jr. Blvd.
Austin, Texas
Texas Bar No. 19685500
Tel. (512)476-4886
Fax. (512)476-2818
Attorney for Plaintiff

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**